NOT FOR PUBLICATION                          [Docket No. 6]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

INTERNATIONAL ASSOCIATION OF    :
HEAT AND FROST INSULATORS AND   :
ASBESTOS WORKERS LOCAL UNION    :
NO. 42, et al.,               :    Civil No. 05-3143(RMB)
                         :
         Plaintiffs,     :
                         :    **OPINION**
    v.                  :
                         :
SOUTH JERSEY INSULATION       :
SERVICES, INC.,            :
                         :
         Defendant.     :

APPEARANCES:

David A. Gaudioso
Meranze & Katz, PC
121 South Broad Street
13th Floor
Philadelphia, Pennsylvania 19107
    Attorney for Plaintiffs

**BUMB**, United States District Judge:

    This matter comes before the Court on a motion by

International Association of Heat and Frost Insulation and

Asbestos Workers Local Union No. 42 (the "Union"), Asbestos

Workers Union No. 42 Welfare Fund, Asbestos Workers Union No. 42

Pension Fund, and Asbestos Workers Union No. 42 Apprenticeship

Fund (the "Funds") (both the Union and Funds collectively

1

referred to as "Plaintiffs") for entry of a default judgment against South Jersey Insulation Services, Inc., ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). For the reasons set forth below, Plaintiffs' motion will be granted in part and denied in part.

**Background:**

The Complaint alleges that at all times relevant to the above-captioned matter, Plaintiffs and Defendant have been parties to a Collective Bargaining Agreement ("CBA") "requiring the payment of Welfare, Pension and Apprenticeship Fund contributions to the Plaintiff Funds." (Compl. at 3, ¶9). More specifically, Plaintiffs allege that Defendant has failed and refused to remit contributions or has remitted insufficient contributions for the months of July 2003, September 2003 and October 2003. Plaintiffs request an audit of Defendant's payroll records in order to accurately calculate the total contributions due. (Id. at 4 ¶ 12).

Defendant was served with the Summons and Complaint on October 8, 2005. [Docket. No. 6, Ex. A]. The Clerk of the Court entered default in this matter pursuant to Federal Rule of Civil Procedure 55(a) on August 18, 2006. Plaintiffs now request a default judgment requiring Defendant to permit an authorized representative of Plaintiffs' to audit Defendant's records,

2

judgment on all amounts determined to be due and owing from said audit, interest on delinquent and unpaid contributions collectible under § 502(g)(2)(B) of the Employee Retirement Income Security Act ("ERISA") and § 301 of the Labor Management Relations Act ("LMRA"), liquidated damages on delinquent contributions receivable under §  502(g)(2)(C) of ERISA and § 301 of the LMRA and attorneys fees and costs pursuant to § 502(g)(2)(D) of ERISA.   As of the date of this Opinion and accompanying Order, Defendants have not appeared in this action or otherwise responded to the above-captioned Complaint or Plaintiff's motion for default judgment.

**Standard for Default Judgment:**

Federal Rule of Civil Procedure 55(b) governs the entry of a default judgment.  Before a default judgment may be entered pursuant to Rule 55(b), a party must have the Clerk of the Court enter a default pursuant to 55(a).  De Tore v. Jersey City Public Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981).  Courts are authorized to enter a default judgment against a defendant who is properly served but who fails to file a timely responsive pleading pursuant to Federal Rule of Civil Procedure 55(b)(2). Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F. 2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear. . ., the district court or its clerk is authorized to enter a default

3

judgment solely on the fact that the default has occurred.").

Even if a party has properly followed the requirements of Rule 55, they are not entitled to a default judgment as of right; instead, the entry of such a judgment is left to the sound discretion of the Court.  Hritz v. Woma Corp. 732 F.2d 1178, 1180 (3d Cir. 1984).  The Third Circuit has cautioned that "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Id. at 1180-81 (citations omitted).

In evaluating a motion for a default judgment, a court must consider three factors: 1) whether a plaintiff will be prejudiced if default is not granted, 2) whether defendant has a meritorious defense, and 3) whether defendant's delay is the result of culpable misconduct.  Carpenters Health & Welfare Fund v. Naglak Design, 1995 U.S. Dist. LEXIS 566 at *5 (E.D. Pa. 1995) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).

While a court should accept well-pled factual allegations of the complaint, it need not accept the movants legal conclusions or factual allegations regarding the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 U.S. Dist. LEXIS 14027 (D.N.J. 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)).  The Court must conduct its own inquiry "in order to ascertain the

4

amount of damages with reasonable certainty." In re Industrial
Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citing Credit
Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155
(2d Cir. 1999)).


**Discussion:**

     The Court asked Plaintiffs' counsel to submit a
supplementary submission regarding the standing of the Funds and
the Union to sue for delinquent contributions on their own behalf
pursuant to ERISA and the grounds for granting the requested
audit.

     With regard to the first issue, Plaintiffs have failed to
satisfy this Court that either the Union or the Funds have
standing to sue for the requested relief under ERISA.  While
ERISA states that benefit plans can "sue or be sued as entities",
29 U.S.C. § 1132(d)(1), case law is clear that the Funds do not
have standing to sue under ERISA because a fund is not a
"participant, beneficiary or fiduciary."  29 U.S.C. § 1132(a)(3);
see Plumbers & Pipe Fitters Local 159 v. Nor-Cal Plumbing, 185
F.3d 978 (9th Cir. 1999) (declining to find that ERISA plan
itself had standing to sue under § 502(a) because it is not a
plan participant, beneficiary or fiduciary);  Keyes Martin &
Company v. Prudential Bache Securities, Inc., 1991 US. Dist.
LEXIS 10573 at *10-11 (D.N.J. July 29, 1991) (finding that the
language of § 1132(d)(1) "does not authorize suits by benefit

plans and they lack standing to sue for ERISA violations").
Moreover, the Plaintiffs have not shown that the Union has
standing to sue under ERISA Section 502.[1]  See United Assoc. of
Plumbers and Pipefitters v. Lewis Mechanical, 2006 U.S. Dist.
LEXIS 80466 at *3 (S.D. Miss. Oct. 31, 2006) (holding that a
union cannot be a participant or beneficiary and, where it has
not set forth facts sufficient to show it is a fiduciary, lacks
standing to seek recovery pursuant to 29 U.S.C. § 1132 and 29
U.S.C. § 1145); Paper, Allied Inds., Chem. & Energy Workers, v.
National Indus. Group Pension Plan, 342 F.3d 606 (6th Cir. 2003)
(stating that § 502, lists four categories of "persons empowered
to bring a civil action"--namely, participants, beneficiaries,
plan fiduciaries, and the Secretary of Labor--and this list is
exclusive).

    Therefore, based on the arguments of Plaintiffs currently
before this Court, the Union and the Funds lack standing to sue
under ERISA in this matter.[2]  Because Plaintiffs do not have

────────────

     [1] Plaintiffs do not argue that the Union has associational
standing.  Plaintiffs counsel states, in fact, that its arguments
are related to "the standing of the Plaintiff Union to file suit
on its own behalf."

     [2] The Court notes that Plaintiffs' counsel cites to a
section of ERISA that is completely irrelevant.  For example,
Plaintiffs state that ERISA Section 1451(a)(1) provides a basis
for their assertion of standing.  This cite leads the Court to a
section of ERISA that is totally unrelated to the case sub
judice.  Instead, the cited provision is relevant to matters
dealing with liability when an employer withdraws from a
multiemployer plan.  Plaintiffs also failed to inform this Court
that other Circuits, including the Ninth Circuit in Plumbers &

standing under ERISA, the Court will not address their ERISA based arguments.

However, while the Plaintiffs do not have standing under ERISA, they also bring suit for unpaid contributions pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  This is a remedy which the Plaintiffs have the right to pursue as an action that is essentially one for breach of contract.  See United Assoc. of Plumbers and Pipefitters, 2006 U.S. Dist. LEXIS 80466 at * 4-5 (finding that union's claim pursuant to 29 U.S.C. § 185 for delinquent contributions was essentially a breach of contract claim and granting relief on plaintiff's petition for default judgment); see also Plumbers & Pipe Fitters Local 159, 185 F.3d at 984 (finding, in discussing standing of Funds to sue under the LMRA, that "Section 301 does not limit the parties who may bring suit so long as the object of the suit is the enforcement of rights guaranteed by an agreement between an employer and a labor organization.").

According to Plaintiffs, the parties in the above-captioned matter are parties to a Collective Bargaining Agreement ("CBA").  The relevant portions of the CBA are attached to the

---

Pipe Fitters Local 159 v. Nor-Cal Plumbing, 185 F.3d 978 (9th Cir. 1999), have explicitly rejected the position put forth in Saramar Aluminium Co. v. Pension Plan for Employees of the Aluminum Indus. and Allied Indus., 782 F.2d 577, 581 (6th Cir. 1986).

Certification of Plaintiffs' counsel as Exhibit B.[3]  Plaintiffs allege that Defendant has repeatedly failed to make the payments required under the CBA and that, pursuant to the CBA, Plaintiffs are entitled to perform an audit of Defendant's payroll records to determine the amount of contributions now due.  (Compl. at 4 ¶¶ 11-13).  Defendant's default constitutes an admission of the factual allegations in the Complaint.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir. 1990).

In the instant matter, Defendant has not filed any responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor.  Thus, the Court is "not in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct."  Carpenters Health and Welfare Fund v. Naglack Design, 1995 U.S. Dist. LEXIS 566 at *7 (E.D. Pa. Jan 18, 1995).  The only issue then, is whether the Plaintiffs will be prejudiced if a default judgment is denied.  Because delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries - Plaintiffs would be prejudiced if default judgment was not entered in their favor.  See Carpenters

---

[3] In its supplemental submission, Plaintiff also attaches provisions of the collection policy adopted by the Asbestos Workers Local Union No. 42 Welfare Fund.  These provisions set forth language regarding the right of the Fund's Trustees to audit the financial records of the employers.  See App. to Pls.'s Supplemental Br. at Section 1 paragraph 2.

Health and Welfare Fund v. Bold and Clauss Construction, Inc.,
2006 U.S. Dist. LEXIS 12802 at * 7-8 (E.D. Pa. Mar. 24, 2006).

Plaintiffs central request is that this Court order an audit
of Defendant's payroll books and records to determine Defendant's
delinquent contributions.  While the factors may weigh in favor
of entering default judgment with regard to liability for breach
of the CBA, the entry of the default judgment with regard to the
damages and, more specifically, the audit requested by
Plaintiffs, is inappropriate at this time because Plaintiffs have
not provided this Court with sufficient evidence to support the
relief requested.

While ERISA Section 502(g)(2) permits the court to enter
judgment for interest, liquidated damages and attorney's fees,
and "such other legal or equitable relief as the Court deems
appropriate", i.e. the requested audit, this Court has decided
that the Plaintiffs do not have standing under ERISA and, thus,
not entitled to lean on ERISA's remedial provisions. See
generally, Int'l Brotherhood of Electrical Workers v. Internet
Construction Inc., 2004 U.S. Dist. LEXIS 25691 at *15-17 (N.D.
Ill. Dec. 15, 2004) (holding that, where there was no ERISA
standing, relief pursuant to ERISA Section 502(g)(2) was
unavailable).

This leaves the question of what type of relief Plaintiffs
are entitled to under the terms of the CBA.  The relevant

portions of the CBA annexed to the Complaint and the supplemental
papers state clearly that an audit may be requested by "the
*trustees* or *administrator* of any Funds...", see CBA at Section 13
B (emphasis added), and "[t]he *Trustees* have the legal right...to
audit the financial records fo the employers", see Pls.' App.
Supplemental Br. at Section 1 (emphasis added).

As discussed above, "[a] default is not an admission of the
amount of damages claimed." In re Industrial Diamonds Antitrust
Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000).  Moreover, the
terms of the CBA and the supplemental submission make clear that
an audit is a remedy to be pursued by the trustees or
administrator – not by the Union or the Funds themselves.  While
Plaintiffs argue that "[t]he imposition of an audit would also be
consistent with the terms of parties' collective bargaining
agreement", the CBA clearly states the remedy of an audit is at
the request of the trustees or administrator, neither of whom is
named or argued to be a party to this suit.  At this juncture,
this Court will not award an audit to the Plaintiffs because it
is not clear that they are entitled to one under the relevant
contractual language.

The Court will, however, grant Plaintiffs leave to amend
their Complaint to add the trustees and/or administrators to this
action.  Cf. Amalgamated Cotton Garmet v. J.B.C. Co. of Madera,
Inc., 608 F. Supp. 158, 166 (W.D. Pa. 1984) (granting leave to

amend to add trustees).  This may be a simple remedy to the problem of both ERISA standing and the availability of the audit and other damages sought.

**Conclusion:**

For the aforementioned reasons, this Court will grant Plaintiffs' motion for a default judgment with regard to liability for breach of the CBA but will not award the requested audit.  Plaintiffs have thirty days from the date of this Order to amend their Complaint.

An accompanying Order will issue this date.

Dated: _January 26, 2007_

RENÉE MARIE BUMB
United States District Judge

11